Mark J. Connot, Esq. (10010)
John H. Gutke, Esq. (10062)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:   (702) 385-2500
Fax:   (702) 385-2086

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLATINUM PARTNERS VALUE ARBITRAGE FUND LP, | CASE NO. 2:09-cv-02459-PMP-PAL |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| GAYLA SUE LEVIN, | |
| Defendant. | |

Defendant, GAYLA SUE LEVIN ("Defendant"), by and through her attorneys, the law firm of Hutchison & Steffen, LLC, answers Plaintiff PLATINUM PARTNERS VALUE ARBITRAGE FUND LP's ("Plaintiff") Complaint as follows:

**GENERAL ALLEGATIONS**

1.   Answering paragraphs 1, 2, and 3 of Plaintiff's Complaint, Defendant admits the allegations of said paragraphs.

2.   Answering paragraphs 4, 8, 9, and 10 of Plaintiff's Complaint, Defendant generally and specifically denies all allegations of said paragraphs.

3.   Answering paragraphs 5, 6 and 7 of Plaintiff's Complaint, Defendant generally denies the allegations contained therein, except that it is admitted that on June 26, 2008, Plaintiff entered into a credit agreement and a promissory note with Banyon Investments, LLC ("Banyon"), and that on said date Defendant executed the a guaranty in favor of Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Defendant's Breach of the Guaranty)

4.       Answering paragraph 11 of Plaintiff's Complaint, Defendant repeats and re-alleges the answers in paragraphs 1 through 3 of this Answer as though each answer were fully set forth in this paragraph.

5.       Answering paragraphs 12, 13, 15, and 16 of Plaintiff's Complaint, Defendant generally and specifically denies all allegations of said paragraphs.

6.       Answering paragraph 14 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore generally and specifically denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

Plaintiff caused, or substantially contributed to the cause of, its own alleged losses herein, and has no legal claim against Banyon or Defendant.

Second Affirmative Defense

### Third Affirmative Defense

During all times material hereto, Plaintiff had knowledge that Banyon was borrowing the subject funds for the sole and specific purpose of investing the money in the purchase of certain confidential legal settlements from the law firm of Rothstein, Rosenfeldt and Adler ("RRA"), of Ft. Lauderdale, Florida, and Plaintiff had knowledge, or should have had knowledge, that the sale of these confidential lawsuit settlements was, in fact, a Ponzi scheme or illegal scheme by which Banyon was being victimized and cheated by a third party.  Plaintiff had a duty to warn Banyon that it was being victimized and cheated, but did not do so.  Plaintiff thereby caused its own losses, and caused substantial losses to Banyon which far exceed the amounts sought herein.

### Fourth Affirmative Defense

During all times material hereto, Plaintiff undertook to supervise and verify the payments to and from the trust accounts of RRA and verify other relevant information that pertained to Banyon's investments in the confidential lawsuit settlements. Plaintiff allowed and encouraged Banyon to rely on that supervision and verification process. Plaintiff willfully and intentionally failed to supervise or verify the payments to and from the trust accounts and/or was negligent or careless in the performance of its duty. As a result, Banyon suffered financial losses that far exceed the amounts sought herein by the Plaintiff. Neither Banyon nor Defendant is indebted to Plaintiff. Plaintiff knew or should have known that Banyon and Defendant would rely on Plaintiff's involvement with RRA to its detriment, and Banyon and Defendant did in fact rely on such representations to their detriment.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands as Plaintiff has acted in bad faith, with illicit motives, and with unclean hands in its dealings with Banyon and Defendant.

### Sixth Affirmative Defense

Plaintiffs are barred from bringing their claims against Defendant because of the doctrine of waiver; i.e., Plaintiff waived its right to the relief sought by its own acts, conduct and omissions.

### Seventh Affirmative Defense

Plaintiff's complaint, and each cause of action or claim for relief contained therein, is barred, in whole or in part, by virtue of an independent intervening or superseding cause over which Defendant had no control.

### Eighth Affirmative Defense

The complaint, and each cause of action or claim for relief asserted therein, is barred because Plaintiff's damages, if any, were solely caused by matters or conditions not under Defendant's control, or by the conduct of third parties over which Defendant had no control, including Plaintiffs.

### Ninth Affirmative Defense

Plaintiff's claims are barred because it failed to join necessary and indispensable parties.

### Tenth Affirmative Defense

Defendant currently has insufficient knowledge or information on which to form a belief as to whether there may be available additional, as yet unstated, affirmative defenses. Defendant reserves the right to file an amended answer asserting additional defenses in the event that discovery indicates that such defenses are appropriate.

### Eleventh Affirmative Defense

Based on the foregoing affirmative allegations, Defendant is entitled to a setoff against Plaintiff for all the losses Plaintiff caused.

### Twelfth Affirmative Defense

It has been necessary for Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed to Defendant for attorneys' fees and costs expended in this action, pursuant to the terms of the guarantee.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of its lawsuit;

2. For an award in favor of Plaintiff and against Defendant for Defendant's costs of suit and reasonable attorneys' fees incurred herein; and

3. For such other and further relief as the Court deems just and proper.

DATED this 4th day of March, 2010.

HUTCHISON & STEFFEN, LLC

_____
Mark J. Connot, Esq. (10010)
John H. Gutke, Esq. (10062)
10080 West Alta Drive, Suite #200
Las Vegas, NV 89145

*Attorneys for Defendant*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2010, the foregoing document entitled: **ANSWER TO COMPLAINT** was filed via the U.S. District Court, District of Nevada's CM/ECF electronic filing system and **a copy of said document will be served to the following parties via electronic mail:**

Steve Morris, Esq.
Rex D. Garner, Esq.
MORRIS PETERSON
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

_____
An Employee of Hutchison & Steffen, LLC