**FILED**

OCT 11 2012

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PLATINUM PARTNERS VALUE
ARBITRAGE FUND LP,

                Plaintiff,

v.

GAYLA SUE LEVIN,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: 2:09-cv-02459-PMP-PAL

**STIPULATED JUDGMENT**

      Plaintiff Platinum Partners Value Arbitrage Fund, LP ("Plaintiff"), and Defendant Gayla Sue Levin ("Defendant"), through their respective counsel, stipulate as follows:

      1. Plaintiff commenced this action against Defendant on December 31, 2009;

      2. Plaintiff, together with Centurion Structured Growth LLC ("Centurion") and Level 3 Capital Fund LP ("Level 3"; and, together with Plaintiff and Centurion, the "Funds"), filed petitions in June 2010 to commence an involuntary chapter 7 case against Defendant in the United States Bankruptcy Court for the Southern District of Florida, Case No. 10-27946-BKC-RBR (the "Involuntary Case");

      3. In final resolution of both the Involuntary Case and this action, the Funds and Defendant entered into that certain Settlement Agreement, dated December 29, 2011, annexed hereto as Exhibit "A" (the "Settlement Agreement");

MIAMI 3227473.2 79155/33944

    4.  Pursuant to Section 4(a) of the Settlement Agreement, Defendant has agreed and does hereby agree that this Court shall enter judgment against her in the amount of Two Hundred Million Dollars ($200,000,000), with interest accruing at the legal rate from the date of the entry of judgment;

    5.  In addition to the Settlement Agreement, the Funds and Defendant entered into that certain Sharing and Carveout Agreement, dated December 29, 2011, annexed hereto as Exhibit "B."


GORDON SILVER                              MORRIS PETERSON


_____            _____
ERIC R. OLSEN                              STEVE MORRIS, Bar No. 1543
Nevada Bar No. 3127                        REX D. GARNER, Bar No. 9401
3960 Howard Hughes Pkwy.                   900 Bank of America Plaza
9th Floor                                  300 South Fourth Street
Las Vegas, Nevada 89169                    Las Vegas, Nevada 89101
(702) 796-5555

Attorney for Defendant                     Attorneys for Plaintiff
Gayla Sue Levin                            Platinum Partners Value Arbitrage
                                           Fund LP

MIAMI 3227473.2 79155/33944

1

2

**ORDER**

On the basis of and on the conditions stated in the foregoing stipulation, which the Court approves, and good cause appearing, the Court hereby ENTERS JUDGMENT in favor of Plaintiff and against Defendant for TWO HUNDRED MILLION DOLLARS ($200,000,000) (the "Judgment Amount"), which Judgment Amount shall bear interest at the legal rate from the date of the entry of this Judgment, for which let execution issue forthwith.

Dated: ~~July~~ October 11, 2012.

Phillip M. Pro
United States District Judge

# EXHIBIT A

# EXHIBIT A

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

<u>**SETTLEMENT AGREEMENT**</u>

1. <u>**Binding Substantive Terms**</u>.  This settlement agreement (the "<u>Agreement</u>"), dated December 29, 2011, by and among the Parties (as defined below), sets forth the terms of settlement between the Parties on the grounds, and to the extent, set forth herein.  Upon execution of this Agreement, the Parties shall be bound and obligated to work together in good faith to obtain such court approvals as the Funds (as defined below) shall deem necessary or appropriate in their sole discretion.  Notwithstanding any other provision of this Agreement, the stipulations and agreements set forth in paragraphs 4-6 below shall not be effective until the entry of an Order granting the Agreed MTD (as defined below). Moreover, any agreements or consents as to liability or amount shall be ineffective absent such entry.

2. <u>**Parties.**</u>  The parties to this Agreement are:

    a.  Platinum Partners Value Arbitrage Fund LP ("<u>Platinum</u>"), Centurion Structured Growth LLC ("<u>Centurion</u>") and Level 3 Capital Fund LP ("<u>Level 3</u>"; and together with Platinum and Centurion, the "<u>Funds</u>"); and

    b.  George Levin ("<u>George</u>") and Gayla S. Levin ("<u>Gayla</u>"; and together with George, the "<u>Levins</u>," and together with Funds, the "<u>Parties</u>").

3. <u>**Agreed Motion to Dismiss Involuntary Petition Against Gayla**</u>.  Within ten (10) days following the execution of this Agreement, the Funds and Gayla shall file together an *Agreed Motion To Voluntarily Dismiss The Petition* (the "<u>Agreed MTD</u>") in that matter styled *In re Gayla S. Levin*, Case No. 10-27946-RBR (the "<u>Gayla Involuntary</u>").  The Agreed MTD shall state that the Funds, George and Gayla have resolved the relief sought by the Gayla Involuntary and the George Involuntary (as defined below), and shall summarize the material terms of this Agreement , which terms are set forth in paragraphs 4-6 below.  The Agreed MTD shall state that in consideration for and conditioned upon the occurrence of the requested dismissal, Gayla acknowledges and reaffirms her guarantees to the Funds and shall state that Gayla has no viable defense to the Funds' Claims (as defined below) and that there are no *bona fide* disputes as to the amount owed

-1-

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

by Gayla to the Funds or as to Gayla's liability to the Funds.  The Agreed MTD shall expressly provide that it is conditioned upon (a) Gayla's waiver and renunciation of any right to damages against the Funds, including, without limitation, damages upon dismissal of the Gayla Involuntary pursuant to section 303(i) of the Bankruptcy Code and (b) there being no judgment entered for any such damages.

4. **Stipulation of Judgment by Gayla**.

    a. The Levins acknowledge that they owe, jointly and severally, the amounts set forth in those certain affidavits filed in the Gayla Involuntary at ECF Nos. 192-1 and 192-7 (the "Affidavits"), plus accrued interest from the dates set forth in the Affidavits in accordance with the underlying loan documents  (the "Funds' Claims").  In satisfaction of Gayla's obligations in respect of the Funds' Claims, concurrent with the execution of this Agreement, Gayla and the Funds shall each execute, in an appropriate form, a stipulation of judgment in an amount equal to the Funds' Claims and setting forth the Funds' rights with respect to execution on any judgment as well as the Funds' agreements as affecting Gayla (the "Confession"), which Confession shall be held in escrow.  Immediately upon entry of an Order dismissing the Gayla Involuntary, such Confession shall be released from escrow and  the Funds shall cause such Confession to be filed on the docket in that action styled *Platinum Partners Value Arbitrage Fund LP v. Gayla S. Levin*, Case No. 09-cv-02459-PMP-PAL (D. Nev.) (the "Nevada Action").  Gayla shall fully cooperate in taking whatever steps are necessary to cause the entry of a judgment against Gayla in favor of Platinum, in a mutually agreeable form, in the amount set forth in the Confession (the "Judgment").[1]

    b. The Funds shall be entitled, as permitted by law, to seek satisfaction of and execution of the Judgment against all assets owned by Levins, except for those identified as "Excluded Assets" in the Judgment and set forth on Exhibit A hereto, as well as from an absolute assignment of fifty percent (50%) of the proceeds of

---

[1]   The Judgment shall be in favor of Platinum, but shall be for the benefit of the Funds and in respect of the Funds' Claims, in the aggregate.

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

any litigation brought by Gayla related directly or indirectly, to the Rothstein ponzi scheme (the "Litigation Proceeds"). The Funds shall be entitled to take whatever steps are necessary to perfect their right, title and interest in and to the Litigation Proceeds.

5. **Consent to Order of Relief By George.** By the later of January 31, 2012 or within five calendar days of the entry of an Order dismissing the Gayla Involuntary, George shall consent to an Order of Relief, under chapter 11 or chapter 7, in that matter captioned *In re George Levin*, Case No. 10-33696-RBR (the "George Involuntary").

With respect to proceedings in the George Involuntary, upon the entry of an Order of Relief, the Funds agree and stipulate that they shall not, so long as George does not object to, seek subordination of, or otherwise contest the Funds' Claims (i) request or join in a request for termination of George's exclusive right to file a plan, the appointment of a trustee, or conversion of the George's bankruptcy case to a case under chapter 7, or (ii) file a proceeding objecting to discharge under Section 727 or 1141 of the Bankruptcy Code or seek a determination that the Funds' Claim against George is not dischargeable under Section 523 of the Bankruptcy Code; provided, however, any discharge in George's bankruptcy shall not, in any manner, effect any claim by the Funds to assets owned by George as tenants by the entireties.

6. **Funds' Claim In Gayla Bankruptcy.** Notwithstanding any of the foregoing provisions, following the entry of an Order dismissing the Gayla Involuntary, to the extent that Gayla thereafter enters bankruptcy for any reason (whether by voluntary or involuntarily petition), neither Gayla nor George shall object, seek subordination of or otherwise object to the entirety of the Funds' Claims in a Gayla bankruptcy, without any offset or deduction of any kind. The Funds agree that the dismissal of the Gayla Involuntary shall be with prejudice and expressly waive the right to commence or join an involuntary bankruptcy against Gayla.

In the event that Gayla becomes the subject of a subsequent involuntary petition and an order for relief is entered over her objection, the Funds agree that they shall not (i)

-3-

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

request or join in a request for termination of the Gayla's exclusive right to file a plan, the appointment of a trustee, or conversion of the Gayla's bankruptcy case to a case under chapter 7 or (ii) file a proceeding objecting to discharge under Section 727 or 1141 of the Bankruptcy Code or seek a determination that the Funds' Claim against George is not dischargeable under Section 523 of the Bankruptcy Code; provided, however, any discharge in Gayla's bankruptcy shall not, in any manner, effect any claim by the Funds to assets owned by Gayla's as tenants by the entireties.

Notwithstanding anything to the contrary in this paragraph, none of the waivers contained in this paragraph shall apply if, within twelve months and one day from the date of the dismissal of the pending involuntary bankruptcy, Gayla either (a) files a voluntary petition for relief or (b) an involuntary petition is filed against her and she does not oppose an order for relief in good faith.

7. **Acknowledgement of Representation By Counsel.**  Each of the Parties to this Agreement acknowledges that it was represented in the negotiation of this Agreement by the expert legal counsel of its choosing, and that it enters into this Agreement on its own accord and without coercion or duress by any other Party.

8. **Agreement Subject to Condition Precedent.**  The stipulations and agreements set forth in this Agreement are expressly subject to, conditioned upon and effective only upon the entry of an Order granting the Agreed MTD by the Bankruptcy Court, George consenting to an order for relief as set forth in paragraph 5 above and the parties' compliance with the terms of this Agreement.  In the event the Gayla Involuntary is not dismissed or the Parties otherwise fail to comply with their obligations hereunder, this Agreement and all agreements herein shall be null and void and nothing contained herein shall be deemed as an admission of any party, presented or admitted into evidence in any further legal proceedings or otherwise referenced by the Parties.

9. **Governing Law.**  The validity, interpretation, performance and enforcement of this Agreement shall be governed by the laws of the State of Florida without regard to the conflicts of laws principles thereof.

-4-

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

BY SIGNING BELOW EACH SIGNOR REPRESENTS THAT HE OR SHE IS
AUTHORIZED TO ACT ON BEHALF OF THE INDICATED PARTY IN
ACCEPTING THIS AGREEMENT AS OF THE DATE FIRST STATED ABOVE

By: _____

GEORGE G. LEVIN

Dated: December 29ᵀᴴ, 2011

STATE OF FLORIDA      )
                                       SS
COUNTY OF BROWARD      )

The foregoing was acknowledged before me this 29ᵗʰ day of December, 2011, by

GEORGE G. LEVIN, who is personally known to me or who has produced

US Passport_____, as identification.

_____

NOTARY PUBLIC
My Commission Expires:

VIRGINIA YONDOLINO
MY COMMISSION # DD798359
EXPIRES: July 07, 2012
Fl Notary Discount Assoc. Co.
1-800-4-NOTARY

-5-

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

By: _Gayla Sue Levin_
GAYLA SUE LEVIN

Dated: December 29th, 2011

STATE OF FLORIDA )
                               ) SS
COUNTY OF BROWARD )

The foregoing was acknowledged before me this _29b_ day of December, 2011, by

GAYLA SUE LEVIN, who is personally known to me or who has produced

_Drivers License_, as identification.

_Virginia Yondolino_
NOTARY PUBLIC
My Commission Expires:

VIRGINIA YONDOLINO
MY COMMISSION # DD 799159
EXPIRES: July 07, 2012
Fl Notary Discount Assoc. Co

-6-

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

LP

PLATINUM PARTNERS VALUE ARBITRAGE FUND

By: _Mark Nordlicht_

Name: _Mark Nordlicht_

Title:_____

Dated: December _28_, 2011

STATE OF _Florida_ )
                         ) SS
COUNTY OF _Miami Dade_ )

The foregoing was acknowledged before me this _28_ day of December, 2011, by

_Mark Nordlicht_ , as _General Partner_ of PLATINUM

PARTNERS VALUE ARBITRAGE FUND LP, who is personally known to me or who has produced

_drive License_ , as identification.

_Eileen Morales_

**NOTARY PUBLIC**
My Commission Expires:
                                    _10/13/2013_

NOTARY PUBLIC-STATE OF FLORIDA
Eileen Morales
Commission # DD919422
Expires: OCT. 12, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

CENTURION STRUCTURED GROWTH LLC

By: _Mm Mnauk_

Name: _Mark   NoRdLIchT_

Title: _____

Dated: December _22_, 2011

STATE OF _Florida_ )
                                          ) ss
COUNTY OF _Miami Dade_ )

The foregoing was acknowledged before me this _28_ day of December, 2011, by

_Mark Nordlicht_ , as _General Partner_ of CENTURION

STRUCTURED GROWTH LLC, who is personally known to me or who has produced

_License (drivers)_ , as identification.

NOTARY PUBLIC-STATE OF FLORIDA
Eileen Morales
Commission # DD919422
Expires:   OCT 12, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

_Eileen Morales_
**NOTARY PUBLIC**
My Commission Expires: _10/12/2013_

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

LEVEL 3 CAPITAL FUND LP

By: _____

Name: _Ari Glass_

Title: _Managing member_

Dated: December _28_, 2011

STATE OF ___NY___ )
                          ) SS
COUNTY OF ___Kings___ )

The foregoing was acknowledged before me this _28_ day of December, 2011, by

_ARI GLASS_____ , as _PRINCIPAL_____ of LEVEL 3 CAPITAL

FUND LP, who is personally known to me or who has produced _____ , as

identification.

NAFTALI MANELA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6084429
Qualified in Kings County
My Commission Expires December 02, 2014

_____
NOTARY PUBLIC
My Commission Expires:

**EXECUTION COPY OF**
**SETTLEMENT AGREEMENT**

## EXHIBIT A

### EXCLUDED ASSETS

1. Homestead Residence located at 100 Bay Colony Lane, Ft. Lauderdale, Florida

2. Personal furnishings and other household items of homestead residence located at 100 Bay Colony Lane, Ft. Lauderdale, Florida (detailed inventory separately provided)

3. Personal Jewelry of Gayla Sue Levin
   (detailed inventory separately provided in Stampler report)

4. Personal clothing of Gayla Sue Levin

5. Life Estate of Betty Levin (mother) and Lorna Dennicoff (sister) in residence located at 1201 S. Ocean Drive, Unit 2406, Hollywood, Florida

6. 2006 Range Rover, VIN, SALMF 13456A226423

7. 2006 VW Touareg, VIN, WVGZM77L66D007813

8. 2000 Audi A8L, VIN, WAUFL54D7YN013500

9. All real and personal property purchased or acquired by Gayla Sue Levin on and after December 29, 2011; provided, however, that if any such property is acquired from proceeds of sale, encumbrance, lien, security interest or other disposition of non-Excluded Assets, then such property shall also be a non-Excluded Asset

10. The Litigation Proceeds not assigned to the Funds pursuant to section 4.b of this Agreement.

# EXHIBIT B

# EXHIBIT B

**EXECUTION COPY OF SHARING
AND CARVEOUT AGREEMENT**

## SHARING AND CARVEOUT AGREEMENT

Platinum Partners Value Arbitrage Fund LP ("Platinum"), Centurion Structured Growth LLC ("Centurion") and Level 3 Capital Fund LP ("Level 3"; and together with Platinum and Centurion, the "Funds"); George Levin ("George") and Gayla S. Levin ("Gayla"; and together with George, the "Levins," and together with Funds, the "Parties") mutually agree, as of the 29th day of December, 2011 (the "Agreement"), as follows:

WHEREAS, the Funds assert claims against the Levins, jointly and severally.

WHEREAS, by that certain Settlement Agreement dated December 29, 2011, by and among the Parties (the "Settlement Agreement"), the Parties have resolved the disputes regarding the liability and amount of the Funds' Claims (as defined in the Settlement Agreement) against the Levins.

WHEREAS, the Funds assert claims to and will seek execution upon real and personal property owned by the Levins, directly or indirectly, as tenants by the entireties (the "Levin TBE Assets").

WHEREAS, the Parties recognize their mutual interest and desire to maximize the value of the Levin TBE Assets in order to satisfy, to the maximum extent possible, the claims of the Levins' joint creditors, including the Funds' Claims.

In consideration of the mutual promises contained herein and other valuable consideration received and expressly recognized by the Parties:

1.      The foregoing recitals are incorporated herein in their entirety.

**EXECUTION COPY OF SHARING**
**AND CARVEOUT AGREEMENT**

2.      The Levins agree that they shall devote future efforts to manage and maximize the value of the Levin TBE Assets.  In respect of such future efforts, to the extent that the Funds receive partial satisfaction of the Funds' Claims from any of the Levin TBE Assets, the Funds agree that the Levins, or their designee, will jointly receive, ten percent (10%) of the Net Cash Proceeds[1] from the disposition of any Levin TBE Assets or the proceeds thereof (the "Management Fee"), which such amount shall be due and payable at the time that the Funds receive the Net Cash Proceeds from the sale or disposition of such Levin TBE Assets.

3.      Additionally, George's bankruptcy counsel shall petition the bankruptcy court for authority to draw down funds for purposes of a chapter 11 retainer for George's bankruptcy filing (the "Chapter 11 Retainer") from amounts currently held in or to be held in the Richey Law Firm trust account.  In addition to the Management Fee, the Funds agree that five percent (5%) of the Net Cash Proceeds, up to an amount not to exceed $500,000, less the amount awarded as a Chapter 11 Retainer, shall be placed in escrow to be used exclusively for the Levins' professionals for  legal/accounting work related to or arising from the Rothstein ponzi scheme (the "Base Fee Escrow"), but excluding fees and cost incurred in  negotiating and finalizing this Agreement and the Settlement Agreement.     Provided, however, in the event that George becomes the subject of an indictment or other criminal litigation with a state or federal government or agency thereof or is the subject of litigation with the Securities & Exchange

---

[1]      Net Cash Proceeds shall mean the net amount of cash proceeds payable to the Funds in respect of the disposition of a Levin TBE Asset, after payment of outstanding liens, mortgages, deeds of trust, encumbrances, charges, taxes, brokerage commissions, legal fees and other transactional costs related thereto. For the avoidance of doubt, Net Cash Proceeds shall be calculated before and without taking into account any percentage or payment set forth in this Agreement.

**EXECUTION COPY OF SHARING**
**AND CARVEOUT AGREEMENT**

Commission, in respect of matters related to or arising from the Rothstein ponzi scheme, the Base Fee Escrow may be increased to an amount not to exceed $1,500,000, inclusive of the Chapter 11 Retainer (the "Increased Fee Escrow"; and, together with the Base Fee Escrow, the "Fee Escrow").

4.      To the extent that Net Cash Proceeds have not been realized in order to establish the Base Fee Escrow, the Funds shall initially advance $200,000 of the Base Fee Escrow, less any amount awarded as a Chapter 11 Retainer. Thereafter, to the extent that the Base Fee Escrow is insufficient to pay the Levins' professional fees and expenses, up to an additional $300,000 will be advanced by the Funds to the Base Fee Escrow. All amounts advanced by the Funds pursuant to this paragraph 4 shall be referred to as the "Fee Advance". Notwithstanding anything to the contrary contained in this Agreement, to the extent that the Funds make a Fee Advance, all such amounts shall be deducted and reimbursed from the Fee Escrow.

5.      The amounts held in the Fee Escrow (a) will be used, unless otherwise agreed to in writing by the Funds, exclusively for the Levins' professionals for legal/accounting work related to or arising from the Rothstein ponzi scheme, but excluding fees and cost incurred in negotiating and finalizing this Agreement and the Settlement Agreement, and (b) shall only be disbursed to such professionals after the Funds have had a reasonable opportunity to review the reasonableness of such fees and expenses.

6.      The Levins shall have no legal or equitable interest in the proceeds of the Fee Escrow or any amounts held therein and the residual beneficial interest in any amounts

**EXECUTION COPY OF SHARING**
**AND CARVEOUT AGREEMENT**

remaining in the Fee Escrow shall belong exclusively to the Funds. Any amounts remaining in the Fee Escrow after the payment of Legal/Professional fees shall be held in express trust for the Funds and returned to the Funds upon satisfaction of the purpose of the Fee Escrow.

7. In consideration of the assignment of the Litigation Proceeds (as defined in the Settlement Agreement), the Funds shall pay the out-of-pocket, actual expenses incurred in the prosecution of such litigation; provided, however, that any such amounts paid by the Funds shall be reimbursed to the Funds, in full, prior to the distribution of any Litigation Proceeds. In addition, the Funds shall indemnify and hold Gayla harmless for liability arising out of such litigation, including, without limitation, fees, costs, sanctions, or damages

8. The stipulations and agreements set forth in this Agreement are expressly subject to, conditioned upon and effective only upon the entry of an Order granting the Agreed MTD (as defined in the Settlement Agreement) by the Bankruptcy Court, George consenting to an order for relief as set forth in paragraph 5 of the Settlement Agreement and the parties' compliance with the terms of this Agreement and the Settlement Agreement. In the event the Gayla Involuntary is not dismissed or the Parties otherwise fail to comply with their obligations hereunder, this Agreement and all agreements herein shall be null and void and nothing contained herein shall be deemed as an admission of any party, presented or admitted into evidence in any further legal proceedings or otherwise referenced by the Parties.

BY SIGNING BELOW EACH SIGNOR REPRESENTS THAT HE OR SHE IS AUTHORIZED TO ACT ON BEHALF OF THE INDICATED PARTY IN ACCEPTING THIS AGREEMENT AS OF THE DATE FIRST STATED ABOVE.

**EXECUTION COPY OF SHARING
AND CARVEOUT AGREEMENT**

By: _____

GEORGE G. LEVIN

Dated: December 29th, 2011

STATE OF FLORIDA        )
                        SS
COUNTY OF BROWARD       )

   The foregoing was acknowledged before me this 29th day of December, 2011, by

GEORGE  G.  LEVIN,  who  is  personally  known  to  me  or  who  has  produced

US PASSPORT                          , as identification.

NOTARY PUBLIC
My Commission Expires:

VIRGINIA YONDOLINO
MY COMMISSION # DD798359
EXPIRES: July 07, 2012
Fl Notary Discount Assoc. Co.

**EXECUTION COPY OF SHARING
AND CARVEOUT AGREEMENT**

By: _____
       GAYLA SUE LEVIN

Dated: December 29th, 2011

STATE OF FLORIDA      )
                          ) SS
COUNTY OF BROWARD   )

     The foregoing was acknowledged before me this 29D day of December, 2011, by GAYLA SUE LEVIN, who is personally known to me or who has produced Drivers License, as identification.



NOTARY PUBLIC
My Commission Expires:

VIRGINIA YONDOLINO
MY COMMISSION # DD998399
MY COMMISSION # DD998399
EXPIRES: July 07, 2012
FL Notary Discount Assoc. Co.
1-800-NOTARY

EXECUTION COPY OF SHARING
AND CARVEOUT AGREEMENT

PLATINUM PARTNERS VALUE ARBITRAGE FUND LP

By: _____

Name: _Mark Nordlicht_____

Title:_____

Dated: December _28_, 2011

STATE OF _Florida_ )
                          ) SS
COUNTY OF _Miami Dade_ )

The foregoing was acknowledged before me this _____ day of December, 2011, by

_Mark Nordlicht____, as _____C I O_____ of PLATINUM PARTNERS

VALUE ARBITRAGE FUND LP, who is personally known to me or who has produced

_drivers license_, as identification.

NOTARY PUBLIC-STATE OF FLORIDA
Eileen Morales
Commission # DD919422
Expires   OCT. 12, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

_____
NOTARY PUBLIC
My Commission Expires:
   10/12/2013

**EXECUTION COPY OF SHARING
AND CARVEOUT AGREEMENT**

CENTURION STRUCTURED GROWTH LLC

By: _M̲n̲_ _N̲o̲r̲d̲l̲i̲c̲h̲t̲_____

Name: _M̲a̲r̲k̲_ _N̲o̲r̲d̲l̲i̲c̲h̲t̲_____

Title:_____

Dated: December _2̲8̲_, 2011

STATE OF _F̲l̲o̲r̲i̲d̲a̲____ )
                                      SS
COUNTY OF _M̲i̲a̲m̲i̲_ _D̲a̲d̲e̲_

The foregoing was acknowledged before me this _2̲8̲_ day of December, 2011, by

_M̲a̲r̲k̲_ _N̲o̲r̲d̲l̲i̲c̲h̲t̲_____ , as _G̲e̲n̲e̲r̲a̲l̲_ _p̲a̲r̲t̲n̲e̲r̲_ of CENTURION STRUCTURED

GROWTH LLC, who is personally known to me or who has produced _____ , as

identification.

NOTARY PUBLIC-STATE OF FLORIDA
Eileen Morales
Commission # DD919422
Expires: OCT. 12, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

_E̲i̲l̲e̲e̲n̲_ _M̲o̲r̲a̲l̲e̲s̲_____
NOTARY PUBLIC
My Commission Expires:
_1̲6̲/̲1̲2̲/̲2̲0̲1̲3̲_

Page 8 of 9

**EXECUTION COPY OF SHARING**
**AND CARVEOUT AGREEMENT**

LEVEL 3 CAPITAL FUND LP

By: _____

Name: _____

Title: _____

Dated: December 2_ , 2011

STATE OF __NY__ )
                              ) SS
COUNTY OF __Kings__ )

The foregoing was acknowledged before me this __ day of December, 2011, by

_____ , as _____ of LEVEL 3 CAPITAL FUND

LP, who is personally known to me or who has produced _____ , as identification.

NAFTALI MANELA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6034429
Qualified in Kings County
My Commission Expires December 02, 2014

NOTARY PUBLIC
My Commission Expires: